UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BYRON CRAIG HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | NO. C16-0733RSL<br><br>ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff Byron Craig Henderson appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

//

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff is a 49-year-old man with a high-school education. Administrative Record ("AR") at 194, 199. His past work experience was as a delivery person and warehouse worker. AR at 199. Plaintiff was last gainfully employed in September of 2007. AR at 198.

Plaintiff protectively filed applications for DIB and SSI on June 14, 2010. AR at 548. Plaintiff asserted that he was disabled due to attention deficit disorder, depression, bipolar disorder, anxiety, and psychosis. AR at 198.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 548. After a hearing at which plaintiff amended his alleged onset date to March 2, 2009, ALJ Verrell Dethloff issued a decision finding plaintiff not to be disabled. AR at 19-37. After the Appeals Council declined review, plaintiff appealed that decision to this Court, which remanded the matter for further administrative proceedings. AR at 686-702.

Meanwhile, plaintiff filed subsequent applications for DIB and SSI on December 16, 2013. See AR at 549. Plaintiff received a favorable determination finding him to be disabled as of April 7, 2012. See id. The Appeals Council affirmed that determination. AR at 708-12.

A new hearing regarding the original applications took place on December 3, 2015. AR at 615-44. On January 16, 2016, ALJ Virginia M. Robinson issued a decision finding that between March 2, 2009, and April 7, 2012, plaintiff was not disabled based on her finding that plaintiff could perform past work or could alternatively perform specific jobs existing in significant numbers in the national economy. AR at 548-61. It does not appear from the record that the Appeals Council assumed jurisdiction of the case. See 20 C.F.R. §§ 404.984, 416.1484. On May 24, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 2

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

## III. EVALUATING DISABILITY

As the claimant, Mr. Henderson bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience,

engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work

---

[2] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV.  DECISION BELOW

On January 21, 2016, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since March 2, 2009, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. Between March 2, 2009, and April 7, 2012, the claimant had the following severe impairments: affective disorder, personality disorder, and substance use disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. Between March 2, 2009, and April 7, 2012, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. Between March 2, 2009, and April 7, 2012, the claimant had the residual functional capacity to perform a full range of work at all exertional levels. He needed to avoid concentrated exposure to pulmonary irritants and workplace hazards. He could perform simple and routine tasks in a routine work environment. He could have superficial interaction with coworkers and supervisors. His work should not have required teamwork projects, supervisory responsibilities, or responsibility for cooperative tasks. He could perform work tasks that were generally performed independently, with only incidental interaction with the public. His work should not have required interaction with the public as a part of his job duties.

5. Between March 2, 2009, and April 7, 2012, the claimant was capable of performing past relevant work (20 C.F.R. §§ 404.1565 and

416.965). Alternatively, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant could have performed during the relevant period (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

6. The claimant was not under a disability, as defined in the Social Security Act, between March 2, 2009, and April 7, 2012 (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

AR at 548-61.

## V.   ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred by failing to comply with this Court's order.

B. Whether the ALJ erred in evaluating the medical evidence in the record.

C. Whether the ALJ's RFC is supported by substantial evidence.

Dkt. 12 at 2.

## VI.   DISCUSSION

A. <u>Compliance with the Court's Prior Order</u>

Plaintiff argues that the ALJ erred by failing to comply with this Court's order reversing the Commissioner's prior unfavorable decision and remanding the matter for further administrative proceedings. <u>See</u> Dkt. 12 at 4-5. The Court agrees.

Under the rule of mandate, "the mandate of a higher court is controlling as to matters within its compass." <u>Sprague v. Ticonic Nat'l Bank</u>, 307 U.S. 161, 168 (1939). A lower court is generally "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." <u>Id.</u> Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." <u>United States v. Cote</u>, 51 F.3d 178, 181 (9th

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

Cir.1995) (quoting Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993) (internal quotations omitted)).

Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." Ischay v. Barnhart, 383 F.Supp.2d 1199, 1213–1214 (C.D.Cal. 2005); see Sullivan v. Hudson, 490 U.S. 877, 886 (1989) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review).

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision. If the case is remanded by the Appeals Council, the procedures explained in [20 C.F.R.] § 404.977 will be followed.

20 C.F.R. § 404.983. Under 20 C.F.R. § 404.977, when a case is remanded to the ALJ by the Appeals Council, the ALJ "shall take any action that is ordered by the Appeals Council and may take any action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977. On remand, the ALJ must follow the specific instructions of the reviewing court. See Samples v. Colvin, 103 F. Supp. 3d 1227, 1231–32 (D. Or. 2015).

Here, upon a prior appeal, this Court entered an order on December 8, 2014, adopting the Report and Recommendation of United States Magistrate Judge James P. Donohue that the case should be reversed and remanded for further administrative proceedings. See AR at 701-02. The Report and Recommendation stated that the Commissioner should further develop the medical record regarding plaintiff's mental health treatment because treatment notes from sources who provided opinions regarding plaintiff's functioning were missing from the record. See AR at 697-98. The Report and Recommendation stated that this development of the

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

medical record may require reevaluation of the medical opinion evidence. <u>See</u> AR at 698. Accordingly, the Appeals Council remanded the case to an ALJ "for further proceedings consistent with the order of the [C]ourt." <u>See</u> AR at 710.

The Commissioner concedes that the record was not further developed but argues that the record had been adequately developed to resolve the case because it was "replete with the opinions of medical health professionals regarding plaintiff's mental health." <u>See</u> Dkt. 13 at 2-3. However, the Court's remand order did not concern the amount of medical opinions in the record; the order stated that the record needed to be developed with missing treatment notes to allow for proper evaluation of the medical opinions that were already in the record. <u>See</u> AR at 697-98. Both ALJs discounted the opinions of several treatment providers in their respective decisions because the opinions were not supported by objective findings. <u>See</u> AR at 31, 556-57. The Court noted in its order that treatment notes from weekly counseling, which would contain such objective findings, were missing from the record. <u>See</u> AR at 697-98. Therefore, the ALJ committed legal error in the most recent decision by failing to follow the Court's order instructing the Commissioner to develop the record with the missing treatment notes.

"[H]armless error principles apply in the Social Security context." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006); <u>see</u> <u>Molina</u>, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" <u>Molina</u>, 674 F.3d at 1118-19 (quoting <u>Shinseki v. Sanders</u>, 556 U.S. 396, 407 (2009)). Here, if the ALJ followed

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 8

the Court's order and developed the record, the ALJ may have given more weight to the opinions of the treatment providers, the RFC may have included additional limitations, and the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless.

The Commissioner argues that any failure to develop the record was harmless because examining physician Wayne Dees, Psy.D., testified that he believed plaintiff to be malingering. See Dkt. 13 at 2-3, 5. However, the ALJ must weigh the totality of the medical evidence; no one medical opinion is necessarily dispositive. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (more weight is generally given to a treating physician's opinion than to the opinions of those who do not treat the claimant).

B.   Scope of Remand

Plaintiff also argues that the ALJ erred in evaluating the medical evidence in the record. See Dkt. 12 at 5-13. The ALJ stated that the Court's order "did not disturb" the prior ALJ's decision regarding the opinions of several treatment providers. See AR 556. However, the Court did not affirm the ALJ's evaluation of those opinions because further development of the record with treatment notes could require reevaluation of the medical opinion evidence. See AR at 697-98. As discussed above, the ALJ committed legal error by failing to follow the Court's order and develop the record. See supra § VI.A. Therefore, the Commissioner should weigh the medical evidence upon remand after further development of the record.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the evidence about plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## VII.   CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred by failing to follow the Court's order and develop the record. The decision of the Commissioner is REVERSED, and this matter is REMANDED for further proceedings not inconsistent with this Order.

Dated this 23rd day of February, 2017.

Robert S. Lasnik
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10